UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA,

v.

DAPHNE JENKINS

23-cr-10265-NMG

### DAPHNE JENKINS' SUPPLEMENTAL SENTENCING SUBMISSION OF RELEVANT DISPARATE TREATMENT OF THOSE SIMILARLY SITUATED

Daphne Jenkins seeks to supplement her previously filed sentencing memorandum with newly learned facts regarding someone similarly situated.[1]

Specifically, the outcome of similar accusations against fellow nurse practitioner, Ashley Brown. Like Ms. Jenkins, Ms. Brown sought telemedicine opportunities and eventually came to work with Barton Associates out of Peabody, Massachusetts. Like Ms. Jenkins, Ms. Brown "received hundreds of assessments for her signature, which she readily and uncritically provided."[2] Like Ms. Jenkins, Ms. Brown "believed that the records were obtained by medical assistants.[3] Like Ms. Jenkins, Ms. Brown was paid $20 per chart.[4]

In a 147 paragraph *civil* complaint filed yesterday in the Northern District of Iowa, the government detailed very similar pattern of failure of professional duty

---

[1] This Court issued a procedural order (Dkt 9) which required submissions 5 days prior to sentencing. This motion is outside the time allowed, and Ms. Jenkins seeks relief from that portion of the order because this relevant information was only publicly filed yesterday, after the Court's deadline.
[2] See Compl. ¶ 24, *United States v. Brown*, No. 1:12-cv-00036-CJW-MAR (N.D. Iowa Apr. 5, 2024), ECF No. 1 [hereinafter Ex. 1].
[3] *Id.* ¶ 28.
[4] *Id.* ¶ 35.

which enabled the principals of Barton Associates to handsomely profit on the billing to the United States' health care system for Durable Medical Equipment. This conduct included signing charts in seconds, resulting in more than a million in total fraudulent loss.[5]

The only significant factual distinction is evidence of *scienter*. There is no evidence Ms. Jenkins was aware of wrongfulness of the charts she uncritically signed (but admittedly, she should and would have been, if she were diligently reviewing charts). Ms. Brown, by contrast, was on actual notice that her activity was fraudulent within her first few months working with Barton Associates placements. Ms. Brown was told at least twice that the DME she prescribed was not requested and the product of fraud.[6] Ms. Jenkins received no such calls.

There is vast difference between the financial consequences the United States seeks to impose. As this Court is aware, Ms. Jenkins' actual gain was $44,020 and agreed restitution is $3,952,791.61. Ms. Brown's actual gain was $17,520 and agreed settlement is $52,560. Ms. Jenkins financial sanction also includes forfeiture of her actual gain, resulting an additional $44,020 of penalty. All totaled, the government seeks from Ms. Jenkins about 90 times her actual gain. From Ms. Brown, they seek three (3) times her gain.

---

[5] *See* Proposed Stipulation and Order, *United States v. Brown*, No. 1:12-cv-00036-CJW-MAR (N.D. Iowa Apr. 5, 2024), ECF No. 2 [hereinafter Ex. 2].

[6] Ex. 1 ¶¶ 54-63 ("Over the time she worked at Barton Associates, Brown only had three contacts whatsoever with her DME patients: two incidental phone calls and a voicemail. In the first call in May 2020 (the second month of Brown's participation in the scheme), a patient spelled out their concerns with the unsolicited DME they received to their home: they flet they were "wrapped in a hoax," were unhappy, and didn't want to take their DME out of the box because they were worried they would be charged for it…. Ms. Brown received a voicemail from a patient claiming they "didn't know who Brown was and that they never requested the brace.").

Ms. Jenkins lives in Virginity and was compelled to appear in Massachusetts to answer for her offense. Ms. Brown resides in Iowa, where the government flew to meet with her and where her case was resolved without charges.

Ms. Brown was not charged with a crime. Ms. Brown was only civilly sued. The government seeks incarceration of nearly 3 years for Ms. Jenkins.

To the extent this Court seeks to avoid unwarranted disparity, there is no better comparator than Ashley Brown.[7]  The governments resolution of Ms. Brown's nearly identical conduct should again ensure this Court that Ms. Jenkins proposed sentence of Supervised Release with restitution more than sufficient.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Date: April 9, 2024 | /s/Leonard E. Milligan III<br>Leonard E. Milligan III #668836<br>Milligan Rona Duran & King LLC<br>28 State Street, Suite 802<br>Boston, MA 02109<br>lem@mrdklaw.com<br>Tel. (617) 395-9570 x101<br>Fax (855) 395-5525<br>*Counsel for Defendant Daphne Jenkins* |

**CERTIFICATE OF SERVICE**

I, Leonard E. Milligan III, hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants on this date.

*Date: April 9, 2024*                    */s/Leonard E. Milligan III*
                                          Leonard E. Milligan  III

---

[7] 18 U.S.C. 3553(a)(6)